This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Doylan Rivers appeals from the decision of the Summit County Court of Common Pleas, denying his "motion to be deemed indigent." We affirm.
Rivers was convicted on two counts of aggravated murder and two counts of aggravated robbery in 1992 and was sentenced accordingly. As part of Rivers' sentence, the trial court required him to pay the costs of his prosecution. We affirmed Rivers' convictions. State v. Smith (June 15, 1994), Summit App. Nos. 16027/16049, unreported. Rivers later filed a petition for postconviction relief, which the trial court denied. Rivers appealed, and we affirmed the judgment of the trial court. Statev. Rivers (Oct. 7, 1998), Summit App. No. 18340, unreported.
On March 3, 1998, Rivers filed a motion styled as a "motion to be deemed indigent." According to that motion, Rivers contended that funds were being deducted from his prison account to pay for the costs of his prosecution. He argued that he should not be held liable for the court costs because he is indigent. The trial court denied Rivers' motion. This appeal followed.
On appeal, Rivers asserts three assignments of error. However, his contentions address one issue: whether Rivers should have been held liable for the costs of his prosecution.
As part of Rivers' sentence, the trial court imposed the costs of his prosecution pursuant to R.C. 2947.23. Rivers could have raised the issue of costs in his direct appeal from his conviction but did not. Thus, the issue is barred by resjudicata. State v. Hudnall (Dec. 19, 1997), Marion App. No. 9-97-65, unreported, 1997 Ohio App. LEXIS 5845, at *3. Rivers is still liable for those costs. Therefore, the trial court did not err by denying his motion to be deemed indigent.
Rivers' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT
CARR, P.J.
WHITMORE, J.
CONCUR